torts, did not survive the death of the person injured. But in Cutting v. Seabury [Id. 3,521] the judge said it was not the settled law, that no action could be maintained for damages occurring upon the death of a human being, and that such right ought to exist; but the precise point was left undecided. It was held in the case of The City of Brussels [Id. 2,745], where a child had died from the negligence of the officers of the vessel, that this action could be maintained in rem, as arising upon the contract of passage. And in The Sea Gull [Id. 12,-578] Chief Justice Chase decided that an action in rem could be maintained in admiralty by the husband for the death of his wife; and in The Highland Light [Id. 6,477] he affirmed the same doctrine. In the latter case the widow and son filed their libel in rem to recover damages for the death of the father and husband, and the same judge held, that while the action could not be maintained in rem, the action would lie in personam, and that the admiralty court had jurisdiction. This case seems to have been decided wholly upon the construction of the statute; while the former was based entirely upon the general right to maintain such an action in the admiralty court.

In Coggins v. Mary Helmsley [Case No. 14,109] it was held in an action by the wife of the chief mate of a schooner, which was run down by a steamship, causing the death of the husband, that an action in rem would lie in the admiralty court, to recover damages for his death; following the decision of Chief Justice Chase. I find, upon reference to the records of this court, that at the June term, 1870, the district court dismissed the libel of Thomas v. Sherlock [unreported] which sought to recover damages for the death of the husband of libellant, for want of jurisdiction. The case was appealed to the circuit court, and by consent of both parties the decree of the district court was affirmed. There is nothing in the record, however, to show that this point was raised and decided.

So far as I have been able to ascertain, these are all the cases in which the question at issue has been raised and determined. In Steamboat Co. v. Chase, 16 Wall. [83 U. S.] 522, Justice Clifford discusses the question, and after noticing the cases of Crapo v. Allen [supra] and The Sea Gull [supra], adds: "Difficulties, it must be conceded, will attend the solution of this question, but it is not necessary to decide it in this case."

As the case at bar will probably go to the supreme court of the United States, it will be better for all parties that the appeal should be taken after a trial upon its merits. I shall therefore overrule the exceptions to the jurisdiction of the court.

NOTE [from original report]. See on same subject and on cognate questions, The Ruckers, 4 C. Rob. Adm. 74, and note; De Lovio

v. Boit [Case No. 3,776]; Domat, Civ. Law, 1550; 1 McQueen, 750; The Highland Light [Id. 6,477]; The Sea Gull [Id. 12,578]. In the last named case, the wife brought a libel in rem for damages, alleging that her husband was killed while rowing in Baltimore bay by reason of a collision with the vessel libelled. The court decided that it had jurisdiction, and that she was entitled to recover. See, also, 6 Ben. 317 [The Civilta, Case No. 2,775], and The Towanda [Case No. 14,109]. The case of Thomas v. Sherlock [unreported] was finally settled by paying the libellant an amount agreed upon between the parties, after which the decree as stated in the opinion was affirmed. See The Garland [5 Fed. 924]; Brown, J., (February 21, 1881,) holding the doctrine of the text. See, also, the opinion of Deady, J., sitting in admiralty for the district of Oregon, in Holmes v. Oregon & C. R. Co. (1880) 5 Fed. 75. The libel was for damages, alleging that Perkins, the intestate, was killed through the negligent conduct of defendant, while he was being transported across the Willamette river to Portland. The opinion is in accord with those of the other judges referred to herein. See, also, Gerrity v. The Kate Cann, 2 Fed. 241.

CHARLES MORGAN, The (MOORE v.). See Case No. 9,754.

CHARLES PITMAN, The (CARRIGAN v.). See Case No. 2,444.

## Case No. 2,619.

### The CHARLES R. STONE.

Circuit Court, E. D. New York.

[Affirming Case No. 2,620. Nowhere reported; opinion not now accessible.]

## Case No. 2,620.

### The CHARLES R. STONE.

[9 Ben. 182.][1]

District Court, E. D. New York.   June, 1877.[2]

COLLISION AT PIER—TUG AND TOW—HARBOR NAVIGATION—NEGLIGENCE.

1. Where a large oil-barge in tow of a tug, the C. R. S., which was endeavoring to turn her in the East river, sagged against vessels lying at the end of a pier, and the force of the blow drove one of the vessels, a tug with a flaring bow, on and over the bulwark of another tug, doing her damage: Held, that the oil-barge and her tug, having only sagged against the vessels by force of the tide and against their own efforts, were not guilty of any negligence.
[Distinguished in The Harry, 15 Fed. 161.]

2. That it is the duty of every vessel lying at a pier to be prepared to withstand such contact, it being one of the necessary incidents of harbor navigation; and that the negligence that caused the damage in this case was in allowing a tug with an unusually flaring bow to lie against the midships of another in such a position that, when pressed together, the strain must all come on the bulwarks of the inner vessel.
[Cited in The Echo, 19 Fed. 455; The N. B. Starbuck, 29 Fed. 798; The Howard, 30 Fed. 282; Mould v. The New York, 40 Fed. 902.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed by circuit court (case not reported).]